**Sheikh Nurul HAQUE, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–72319.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007.[*]

Filed Jan. 16, 2007.

As Amended on Denial of Rehearing April 11, 2007.

Alan Hutchison, Esq., Reno, NV, for Petitioner.

NVL–District Counsel, Office of the District Counsel Department of Homeland Security, Las Vegas, NV, Ronald E. Le-Fevre, Chief Counsel Office of the District

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Counsel Department of Homeland Security, San Francisco, CA, Oil, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, John F. Schmillen, Esq., Office of the U.S. Trustee Regional Headquarters, Law Bldg., Cedar Rapids, IA, for Respondent.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

### MEMORANDUM **

Sheikh Nurul Haque, a native and citizen of Bangladesh, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *Ali v. Ashcroft,* 394 F.3d 780, 784 (9th Cir.2005), we deny the petition for review in part and grant in part and remand.

Substantial evidence supports the IJ's finding that there was not a nexus between the harms Haque suffered at a political rally and a protected ground. *See Rostomian v. INS,* 210 F.3d 1088, 1089 (9th Cir.2000).

Haque testified that he fears returning to Bangladesh due to a false warrant that was issued against him. We are not compelled to conclude that Haque has an objectively reasonable well-founded fear of future persecution because the United States Department of State Country Reports indicate that Haque's party is part of the coalition government and that the police are reluctant to pursue investigations against people affiliated with ruling parties. *See Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 998 (9th Cir.2003).

Because Haque failed to establish that he was eligible for asylum, he necessarily failed to establish eligibility for withholding of removal. *See Cruz–Navarro v. INS,* 232 F.3d 1024, 1031 (9th Cir.2000).

We lack jurisdiction to consider Haque's challenge to the denial of CAT relief because he failed to exhaust it below. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

The IJ granted voluntary departure for a 60–day period and the BIA streamlined and changed the voluntary departure period to 30 days. In *Padilla–Padilla v. Gonzales,* 463 F.3d 972, 981 (9th Cir.2006), we held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." We therefore remand to the agency for further proceedings regarding voluntary departure.

**PETITION FOR REVIEW DENIED in part; GRANTED in part and REMANDED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.